UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:24-CR-00083-DLF |
| | : | |
| PATRICK WOEHL, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S MOTION TO SET A BENCH TRIAL AND TO PERMIT DEFENSE CHARACTER WITNESSES TO TESTIFY BY ZOOM

Defendant, Patrick Woehl, by and through counsel Douglas Beevers of the Federal Public Defenders of the Eastern District of California, moves the Court to set a bench trial on June 5, 2024.  Both parties have signed a waiver of jury trial, which is attached as Exhibit A.  Defense requests the Court permit Defense to call up to three character witnesses who would testify remotely over the zoom platform.  As grounds for this motion, Defense states that under the Sixth Amendment he has a right to "compulsory process" to bring witnesses to trial for his defense and if he chooses to testify his character for honesty or law abidingness would be relevant under Fed. R. Evid. 404(a)(2)(A) and 609 if his credibility as a witnesses is attacked. The Supreme Court in *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), held that a defendant may introduce favorable testimony concerning "the general estimate of his character." Id. at 476, 69 S.Ct. at 218. The First and Fifth Circuits have held further that character traits admissible under Rule 404(a)(1) need not constitute specific traits of character but may include general traits such as "lawfulness" and "law-abidingness." *United States v. Angelini*, 678 F.2d 380, 382 (1st Cir.1982); *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir.1981); *see also United States v.*

*Diaz*, 961 F.2d 1417 (9th Cir. 1992)(holding law-abidingness relevant in a drug distribution case).

Defense contends that Mr. Woehl has a right to subpoena character witnesses and as an indigent defendant he has the right to have the U.S. Marshals provide the witnesses with travel and hotels during the trial. Since a character witness is only permitted to answer very narrow questions, travel across the United States for in person testimony is not reasonable. Defense has used zoom testimony in other jury trials where the witness had COVID and the process was effective.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender
Eastern District of California
CA Bar Number 122664

Date: May 21, 2024         By: */s/ Douglas Beevers*
                           DOUGLAS BEEVERS
                           Assistant Federal Defender
                           Eastern District of California
                           CA Bar Number 288639
                           801 I Street, 3rd Floor
                           Sacramento, CA 95814
                           T: (916) 498-5700
                           F: (916) 498-5710
                           douglas_beevers@fd.org

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.                                          : | Case No. 1:24-CR-00083-DLF |
| : | |
| PATRICK WOEHL,                 : | |
| : | |
| Defendant.          : | |

## PROPOSED ORDER GRANTING MOTION TO SET A BENCH TRIAL AND TO PERMIT DEFENSE CHARACTER WITNESSES TO TESTIFY BY ZOOM

The matter coming before the Court on the defendant's motion to set a bench trial and allow remote testimony. It is ordered that a bench trial is set for June 5, 2024 and defense is permitted to call three character witnesses by remote appearance.

Dated: May ____, 2024

_____
HON. DABNEY L. FRIEDRICH
United States District Judge